# EXHIBIT 1



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

May-31-2016  4:17 pm

Case Number: CGC-16-552308

Filing Date: May-31-2016 4:13

Filed by:  ARLENE RAMOS

Image: 05418001

COMPLAINT

SIMON MERON VS. AT&T CORPORATION, A NEW YORK CORPORATION ET AL

001C05418001

**Instructions:**
Please place this sheet on top of the document to be scanned.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AT&T Corporation, a New York corporation, and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SIMON MERON, on behalf of himself, all others similarly situated,
and the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of San Francisco County
*(El nombre y dirección de la corte es):*

Civic Center Courthouse
400 McAllister St, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*

CGC-16-552308

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Stephen Noel Ilg, Esq., ILG Legal Office, 555 California St., Ste. 4925, San Francisco, CA 94104; (415)580-2574

| DATE:<br>*(Fecha)* | MAY 3 1 2016 | CLERK OF THE COURT<br>Clerk, by<br>*(Secretario)* | *Arlene Ramos*<br>ARLENE RAMOS | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ILG Legal Office
Stephen Noel Ilg (SBN 275599)
555 California Street, Suite 4925
San Francisco, CA 94104
TELEPHONE NO.: Tel: 415-580-2574   FAX NO.: Fax: 440-632-9843
ATTORNEY FOR (Name): Simon Meron

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Meron vs. AT&T Corporation

**FOR COURT USE ONLY**

F I L E D
Superior Court of California
County of San Francisco

MAY 3 1 2016

CLERK OF THE COURT
BY: _Arlene Ramos_
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter   ☐ Joinder | CGC-16-552308 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Nine (9)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/30/16

Stephen Noel Ilg
(TYPE OR PRINT NAME)                               ► _(signature)_
                                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

BY FAX



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**ILG Legal Office**
Stephen Noel Ilg (SBN 275599)
555 California Street, Suite 4925
San Francisco, CA 94104
Tel:    415-580-2574
Fax:    415-735-3454
Email: silg@ilglegal.com

Attorneys for Plaintiff Simon Meron

**F I L E D**
Superior Court of California
County of San Francisco

**MAY 3 1 2016**

CLERK OF THE COURT
BY: _Arlene Ramos_
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

SIMON MERON, on behalf of himself, all others similarly situated, and the general public,

Plaintiffs,

vs.

AT&T Corporation, a New York corporation, and DOES 1 through 100, inclusive,

Defendants.

Case No. **CGC-16-552308**

**CLASS ACTION**

1. **FRAUD AND DECEIT** (Civ. Code §§ 1571-1574 and 1709-1710);
2. **BREACH OF CONTRACT** (Civil Code);
3. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**
4. **BREACH OF EXPRESS AND IMPLIED WARRANTIES;**
5. **FALSE ADVERTISING** (Bus. & Prof. Code §§ 17500 *et seq.*);
6. **NEGLIGENT MISREPRESENTATION** (Civ. Code);
7. **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT** (Civ. Code §§ 1750 et seq.); and
8. **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** (15 U.S.C. §§ 2301 *et seq.*); and
9. **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code § 17200 *et seq.*).

**JURY TRIAL DEMANDED**

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

-1-

*Meron v. AT&T Corporation*
Complaint

**BY FAX**

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

1        This Complaint is brought by Plaintiff Simon Meron ("Plaintiff" and/or "Mr. Meron"),

2   on behalf of himself, all others similarly situated, and the general public, against Defendant

3   AT&T Corporation ("AT&T") and DOES 1-100, inclusive ("Doe Defendants") (collectively

4   "Defendants"), and hereby demands a jury trial on all causes of action.  Plaintiff alleges the

5   following:

6   **PLAINTIFF**

7       1.    At all times material herein, Plaintiff Meron was and is a competent adult and

8   resident of the State of California, San Francisco County.  Plaintiff purchased a telephone from

9   AT&T in October 2015.

10  **DEFENDANTS**

11      2.    At all times material herein, Defendant AT&T was and is a New York corporation

12  registered to do business in the State of California, including but not limited to conducting

13  business within San Francisco County, with its corporate headquarters located in Bedminster,

14  New Jersey. Defendant AT&T is in the telecommunications industry.  On information and belief,

15  Defendant AT&T sells, among other things, mobile devices (including but not necessarily limited

16  to cellular telephones and mobile internet hotspots) and usage plans for mobile devices.

17      3.    The defendants identified as DOES 1 through 100, inclusive, were, at all times

18  herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest,

19  officers, directors, partners, and/or managing agents of some or each of the remaining defendants.

20  Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned,

21  each of the defendants identified as DOES 1 through 100, inclusive, active participated in the

22  unfair and misleading policies and practices described herein.

23      4.    In doing the acts herein alleged, each Defendant is liable and responsible to

24  Plaintiff and Class Members for the acts of every other Defendant. The true names and capacities

25  of the Doe Defendants, whether individual, corporate, associate or otherwise, are unknown to

26  Plaintiff who therefore sues such Doe Defendants by fictitious names pursuant to California Code

27  of Civil Procedure §474.  Plaintiff is informed and believes that the Doe Defendants are residents

28

-2-

*Meron v. AT&T Corporation*
Complaint

1   of the State of California. Plaintiff will amend this complaint to show such Doe Defendants' true

2   names and capacities when they are known.

3       5.      Plaintiff is informed and believes and thereon alleges that, unless otherwise

4   indicated, each Defendant was the agent and/or employee of every other Defendant within the

5   course and scope of said agency and/or employment, with the knowledge and/or consent of said

6   Defendant.

7       6.      Plaintiff is informed and believes and, based thereon, alleges that, within the Class

8   Period, Defendants conducted business within the telecommunications industry. In so doing,

9   Defendants have contracted with hundreds of thousands of customers in recent years alone as

10  purchasers of mobile devices and usage plans for mobile devices.

11                          **JURISDICTION AND VENUE**

12      7.      This Court is the proper Court, and this action is properly filed in the SUPERIOR

13  COURT OF CALIFORNIA for the COUNTY OF SAN FRANCISCO, because Defendant AT&T

14  transacts business within this county.   Plaintiff and Class Members performed work for

15  Defendants and experienced the legal violations that are the subject of this Complaint in the

16  COUNTY OF SAN FRANCISCO.

17      8.      This Court has jurisdiction over the Plaintiff's and Class Members' claims for

18  damages, interest thereon, related penalties, injunctive and other equitable relief,  and attorneys'

19  fees and costs pursuant to, *inter alia.*, the sections of the Civil Code and Business and

20  Professions Code cited herein, and other statutes cited herein.

21      9.      This Court also has jurisdiction over the Plaintiff's and Class Members' claims for

22  injunctive relief and restitution of ill-gotten benefits arising from Defendants' unlawful, unfair,

23  and/or fraudulent business practices under California Business and Professions Code §§ 17200-

24  17208.

25                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

26      10.     Plaintiff will provide notice under the Consumer Legal Remedies Act prior to

27  seeking damages thereunder.

28

LIG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

-3-

1    11.    Plaintiff has satisfied all private, administrative and judicial prerequisites to the

2    institution of this action.

3    ## FACTS COMMON TO PLAINTIFF'S CLASS ACTION CAUSES OF ACTION

4    12.    All policies and practices described herein were in place at all of Defendants'

5    business locations in California. As such, all members of the classes were subject to these same

6    policies in violation of California law. Plaintiff is informed and believes that Defendants

7    knowingly engaged in the unlawful acts alleged herein, thereby enjoying a significant competitive

8    edge over other companies within its industry. In many, if not all cases, these common practices

9    have led to willful violations of California's laws, entitling Plaintiff and Class Members to a

10   recovery, pursuant to, *inter alia*, the California Civil Code.

11   13.    On October 28, 2015, Plaintiff purchased a smartphone from AT&T. Plaintiff and

12   AT&T agreed that the phone would be paid for in installments of $25 per month. Despite this

13   agreement, AT&T charged Plaintiff the full price instead of charging the agreed-upon $25 per

14   month. Plaintiff was informed that he had 14 days to decide if he wanted to keep the phone or

15   return it. Plaintiff realized that the new phone did not fit his needs.

16   14.    Plaintiff contacted AT&T to confirm the process for sending a phone by mail for

17   a return and refund. AT&T provided the address where the phone must be sent in order to obtain

18   a refund of the purchase price. AT&T stated that Plaintiff would receive a refund within fourteen

19   days of when the phone was sent to AT&T. On November 9, 2015, Plaintiff sent his phone to be

20   returned.

21   15.    Plaintiff asked AT&T if he could please cancel his phone contract, which was

22   worthless. AT&T would not let him out of his contract.

23   16.    Since Plaintiff was forced to stay with AT&T and since Plaintiff did not have the

24   phone he purchased (or the refund), Plaintiff was forced to obtain another phone. Plaintiff

25   obtained a new phone and waited for his refund.

26   17.    More than fourteen days passed after he sent the phone, and Plaintiff had not

27   received a refund. Plaintiff called AT&T customer service to check on the status of his return and

28

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

1    refund. Plaintiff was told not to worry and that he should receive a refund within the next three
2    days.

3          18.     More than three days passed, but Plaintiff did not receive his refund. Plaintiff
4    continued to wait, but no refund arrived by mail or via electronic transfer.

5          19.     Plaintiff called AT&T customer service again. Plaintiff was repeatedly informed
6    that he would receive the refund.

7          20.     Plaintiff continued to check for his refund. It did not arrive, so he repeatedly
8    contacted AT&T to try to get the refund he needed. Plaintiff called sixteen times. AT&T
9    repeatedly told him that he would receive the refund. Plaintiff spoke to several individuals
10   identified as "supervisors" when he called customer service. He even wrote a letter and sent it to
11   AT&T. During many of the phone calls Plaintiff was placed on a long hold. On multiple
12   occasions, the call was dropped. AT&T never called him, so he would need to call customer
13   service again, only to be placed on hold again.

14         21.     Several months have now passed. Nonetheless, to date, Plaintiff has not received
15   the funds he paid for the phone. In all, Plaintiff has lost thousands of dollars as a result of AT&T
16   failure to maintain a system that timely processes customers' payments. AT&T's practices and
17   procedures regarding the return of cell phones by mail are unfair and misleading. Customers like
18   Plaintiff are told that refunds will be processed within two weeks, yet certain customers must wait
19   months to receive a refund while others receive no refund at all.

20         22.     AT&T's practices and procedures regarding their telephone customer support are
21   also unfair and misleading. Plaintiff's only option to attempt to obtain his refund was to call
22   customer service. Yet AT&T's customer service was either inaccessible—due to dropped calls
23   without a return phone call—or misrepresented when and if Plaintiff would receive his refund.

24         23.     AT&T refuses to honor the contracts it created with Plaintiff and other customers
25   in that it does not process refunds within the time limits promised or does not process them at all.

26         24.     Plaintiff alleges that other customers were similarly affected by AT&T's policies
27   and practices regarding returns of phones by mail. These other customers can be easily identified
28   through AT&T's own records. Class Members include all customers during the time period

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

-5-

1   beginning four years prior to the complaint's filing and continuing to the present, where more

2   than 14 days elapsed between the receipt of the phone by AT&T and the transmission of a refund

3   of the purchase price to the customer.

## CALIFORNIA CLASS ACTION ALLEGATIONS

5       25.     Plaintiff brings this action on behalf of himself and as a class action on behalf of

6   the following Class:

7       *All persons who purchased a telephone from AT&T and sent it by mail (including*
        *but not limited to via U.S. mail, FedEx, or UPS) for a refund but whose refund was*
8       *not processed within fourteen days of the date when AT&T received it.*

9       26.     Defendants and their officers and directors are excluded from any class defined in

10  the preceding paragraphs.

11      27.     This action has been brought and may properly be maintained as a class action

12  under California Code of Civil Procedure § 382 because there is a well-defined community of

13  interest in the litigation and the proposed Classes are easily ascertainable. The class and subclass

14  defined herein satisfy all class action requirements:

15      a.      Numerosity: A class action is the only available method for the fair and
                efficient adjudication of this controversy. The members of the Plaintiff
16              Classes are so numerous that joinder of all members is impractical, if not
                impossible, insofar as Plaintiff is informed and believes and, on that basis,
17              alleges that the total number of Class Members is, at least, in the hundreds,
                if not thousands of individuals. Membership in the Classes will be
18              determined by and upon analysis of records maintained by Defendants.

19      b.      Commonality: Plaintiff and Class Members share a community of interests
                in that there are numerous common questions and issues of fact and law
20              which predominate over any questions and issues solely affecting
                individual members, including, but not necessarily limited to:

21              1)      Whether Defendants violated Business and Professions Code
22                      section 17200 et seq.;

23              2)      Whether Defendants violated Civil Code sections 1571 to 1574;

                3)      Whether Defendants violated Civil Code sections 1709 and 1710;

24              4)      Whether Defendants violated Civil Code sections 1750 et seq.; and

25              5)      Whether Defendants violated United States Code Title 15 Sections
                        2301 et seq.

26      c.      Typicality: Plaintiff's claims are typical of the claims of the Plaintiff
                Classes. Plaintiff and all members of the Plaintiff Classes sustained injuries
27              and damages arising out of and caused by Defendants' common course of
                conduct in violation of state law, as alleged herein.

28

555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574
LLG Legal Office

-6-

*Meron v. AT&T Corporation*
Complaint

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

d.   <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.   <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of the Plaintiff Classes and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

28.   This action is appropriate and practical as a class action because the prosecution of individual actions for each Class Member would likely result in inconsistent and varying rulings that could and likely would impede the interests of other Class Members in protecting their rights, as well as potentially establishing incompatible patterns of conduct for Defendants

## FIRST CAUSE OF ACTION
### FRAUD AND DECEIT
(Civ. Code §§ 1571-1574 and 1709-1710)

29.   Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein

30.   California Civil Code § 1571 provides that fraud may be actual or constructive.

31.   California Civil Code § 1572 provides: "Actual fraud, within the meaning of this Chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;  3. The suppression of that which is true, by one having knowledge or belief of the fact; 4. A promise made without any intention of

-7-

1    performing it; or, 5. Any other act fitted to deceive." California Civil Code § 1574 adds that actual

2    fraud is always a question of fact.

3        32.    California Civil Code § 1573 provides: "Constructive fraud consists: 1. In any

4    breach of duty which, without an actually fraudulent intent, gains an advantage to the person in

5    fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice

6    of any one claiming under him; or, 2. In any such act or omission as the law specially declares to

7    be fraudulent, without respect to actual fraud."

8        33.    California Civil Code §§ 1709 and 1710 define deceit.

9        34.    California Civil Code § 1709 provides: "One who willfully deceives another with

10   intent to induce him to alter his position to his injury or risk, is liable for any damage which he

11   thereby suffers."

12       35.    California Civil Code § 1710 provides: "A deceit, within the meaning of the last

13   section, is either: 1. The suggestion, as a fact, of that which is not true, by one who does not

14   believe it to be true; 2. The assertion, as a fact, of that which is not true, by one who has no

15   reasonable ground for believing it to be true; 3. The suppression of a fact, by one who is bound to

16   disclose it, or who gives information of other facts which are likely to mislead for want of

17   communication of that fact; or, 4. A promise, made without any intention of performing it."

18       36.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious

19   Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced,

20   or conspired to commit one or more of the acts alleged in this Cause of Action.

21       37.    During the sales process, Defendants represented to Mr. Meron that a mobile

22   device could be returned for a prompt refund.

23       38.    However, Defendants never intended to honor those promises. Instead, Defendants

24   knowingly misled Plaintiff and Class Members in order to induce him to purchase a new mobile

25   device and maintain a usage plan. Defendants intentionally misrepresented the nature of the sales

26   terms of the mobile device, particularly the return and refund policy.

27       39.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained

28   damages, including monetary loss, mental anguish, embarrassment, humiliation, and other

-8-

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

1    emotional distress in an amount to be established at trial. As a result of this wrongful conduct,

2    Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

3        40.    Defendants, through their officers, managing agents, and/or their supervisors,

4    authorized, condoned and/or ratified the unlawful conduct described herein above.  By reason

5    thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at

6    the time of trial, as well as attorneys' fees and costs, pursuant to statute.

7        41.    Moreover, in that, at all times referenced herein, Defendants intended to cause or

8    acted with reckless disregard of the probability of causing injury to Plaintiff and, because said

9    Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled

10   to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the

11   future, in addition to attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
(Civ. Code))
(*On behalf of Plaintiff and all Class Members against all Defendants*)

12   

13   

14       42.    Plaintiff incorporates in this cause of action each and every allegation of the

15   preceding paragraphs, with the same force and effect as though fully set forth herein

16       43.    Plaintiff and Defendants entered into a contract whereby Plaintiff would receive a

17   mobile device and would pay for it in monthly installments of $25 per hour. Intead, Defendants

18   charged Plaintiff the full price. Most importantly, one term of the bargain was that a mobile device

19   can be returned for a refund which would be processed within two weeks.

20       44.    Defendants breached the oral and written contract by failing to process refunds for

21   Plaintiff and Class Members.

22       45.    Plaintiff suffered damages legally caused by the breach of contract as stated below

23   under the section entitled "Prayer for Relief", which is incorporated here to the extent pertinent

24   as if set forth here in full.

25       46.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious

26   Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced,

27   or conspired to commit one or more of the acts alleged in this Cause of Action.

28

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

-9-

1    47.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained

2    damages, including monetary losses, mental anguish, embarrassment, humiliation, and other

3    emotional distress and/or medical and related expenses in an amount to be established at trial. As

4    a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

5    **THIRD CAUSE OF ACTION**
     **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

6    (Civ. Code)
     *(On behalf of Plaintiff and all Class Members against all Defendants)*

7    48.    Plaintiff incorporates in this cause of action each and every allegation of the

8    preceding paragraphs, with the same force and effect as though fully set forth herein.

9    49.    The agreement referred to above contained an implied covenant of good faith and

10   fair dealing, which obligated Defendants to perform the terms and conditions of the agreement

11   fairly and in good faith and to refrain from doing any act that would prevent or impede Plaintiff

12   from performing any or all of the conditions of the agreement that he agreed to perform, or any

13   act that would deprive Plaintiff of the benefits of the agreement.

14   50.    Plaintiff performed all the duties and conditions of the agreement. Plaintiff

15   completed the required payments for Defendants and reasonably relied on Defendants'

16   commitment to provide timely refunds.

17   51.    Defendants knew that Plaintiff had fulfilled all of his duties and conditions under

18   the agreement.

19   52.    Defendants breached the implied covenant of good faith and fair dealing under the

20   agreement by failing to provide refunds to certain customers who mailed a mobile device to

21   AT&T for a refund.

22   53.    Defendants further breached the implied covenant of good faith and fair dealing

23   by violating and failing to follow its own policies and practices for processing refunds.

24   54.    As a proximate result of Defendants' breach of the implied covenant of good faith

25   and fair dealing, Plaintiff has suffered, and continue to suffer, monetary losses and other damage

26   in an amount to be established at trial. As a further proximate result of Defendants' breach of the

27

28

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

-10-

*Meron v. AT&T Corporation*
Complaint

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

1   implied covenant of good faith and fair dealing, Plaintiff has incurred reasonable attorney's fees

2   in attempting to secure the benefits owed to him under the contract.

3        55.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious

4   Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced,

5   or conspired to commit one or more of the acts alleged in this Cause of Action.

6        56.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained

7   damages, including monetary losses, mental anguish, embarrassment, humiliation, and other

8   emotional distress and/or medical and related expenses in an amount to be established at trial. As

9   a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

10

11   **FOURTH CAUSE OF ACTION**
    **BREACH OF EXPRESS AND IMPLIED WARRANTY**

12       (Civ. Code)
    *(On behalf of Plaintiff and all Class Members against all Defendants)*

13       57.    Plaintiff incorporates in this cause of action each and every allegation of the

14   preceding paragraphs, with the same force and effect as though fully set forth herein.

15       58.    Defendants, and each of them, expressly and impliedly warranted to persons

16   purchasing the Products at issue that they could be returned for a refund. These express and

17   implied warranties induced Plaintiff and Class Members to use and purchase Defendants'

18   products. These warranties were both directly and indirectly believed and relied upon by Plaintiff

19   and Class Members and induced them to choose Defendants' Products at issue. This reliance was

20   justified by Defendants' skill, expertise, and judgment in the design, manufacturing, testing,

21   labeling, distribution, or sale of such products.

22       59.    Defendants, and each of them, breached their aforementioned express and implied

23   warranties in that the products were not fit for the use and purpose expressly warranted by

24   Defendants. Plaintiff and Class Members suffered injury in fact and have suffered an economic

25   loss by, *inter alia*: (a) leasing or purchasing a product they never would have leased or purchased;

26   b) leasing and/or purchasing an inferior product whose nature and characteristics render it of a

27   lesser value than represented, (c) incurring costs for diminished resale value of the products, (d)

28   leasing and/or purchasing a product that poses a danger to the health and safety of not only the

-11-

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

1  purchaser but also the public, (e) incurring increased costs to repair the products, and (f) incurring

2  costs from loss of use. Accordingly, Plaintiff and Class Members request an injunction restraining

3  and enjoining Defendants from sending or transmitting false and misleading advertising to

4  individuals or entities concerning the purported quality and safety of the Products at issue from

5  Defendants. Defendants and each of them, impliedly warranted to persons purchasing the

6  Products at issue that the products at issue were what they were represented to be. Defendants,

7  and each of them, breached their warranties in that the Products at issue were not fit for the

8  purpose for which they were intended and used; rather, Defendants sold to Plaintiff and Class

9  Members products which were not fit for use as represented. The defect in the Products at issue

10  existed prior to the delivery of the products to Plaintiff and Class Members.

11        60.    As a proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff

12  has suffered damages in an amount to be established at trial.  As a further proximate result of

13  Defendants' wrongful conduct, as alleged herein, Plaintiff has incurred reasonable attorney's fees

14  in attempting to secure the benefits owed to her under the contract

15        61.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious

16  Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced,

17  or conspired to commit one or more of the acts alleged in this Cause of Action. As a direct and

18  proximate result of Defendants' conduct, Plaintiff sustained damages, including loss of earnings

19  and earning potential, opportunities and other benefits and harm to his/her/their reputation, mental

20  anguish, embarrassment, humiliation, and other emotional distress and/or medical and related

21  expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is

22  entitled to attorneys' fees, costs, and injunctive relief.

23                                         **FIFTH CAUSE OF ACTION**
                                         **FALSE ADVERTISING**

24                                     (Bus. & Prof. Code §§ 17500 *et seq.*)
                 (*On behalf of Plaintiff and all Class Members against all Defendants*)

25        62.    Plaintiff incorporates in this cause of action each and every allegation of the

26  preceding paragraphs, with the same force and effect as though fully set forth herein.

27

28

-12-

*Meron v. AT&T Corporation*
Complaint

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

63.     Defendants, and each of them, violated California's False Advertising Law, Business & Professions Code section 17500, *et seq.* by using false and misleading messages regarding the products at issue in television, print, and Internet advertising.

64.     These representations and/or omissions have deceived and are likely to deceive Plaintiff and Class Members, in addition to consumers across the country in connection with their decision to purchase the products at issue. Defendants' representations and/or omissions were material and were a substantial and material factor in Plaintiff's and Class Members' decision to purchase the products at issue. Had Plaintiff and Class Members known the actual facts, they would not have purchased the products at issue and/or would not have paid the price actually paid if Defendants accurately disclosed the products' characteristics.

65.     Defendants, directly and indirectly, have engaged in substantially similar conduct with respect to Plaintiff and Class Members.

66.     Plaintiff and Class Members lost money and/or property as a result of Defendants' false and misleading advertising. Plaintiff and Class Members suffered harm in the form of a lack of a refund to which they were entitled. Plaintiff and Class Members suffered harm when they were required to pay a purchase price in excess of what they would have paid if Defendants had accurately disclosed the disputed products' characteristics. Plaintiff and Class Members suffered harm in the form of decreased resale value of the products at issue.  As a result of Defendants' violations, Plaintiff and the Class are entitled to equitable relief in the form of full restitution of all monies paid for the sales price of the products at issue and/or disgorgement of the profits derived from Defendants' false and misleading advertising. Plaintiff also seeks an order enjoining Defendants from such future conduct.

67.     Defendants' misrepresentations and omissions regarding the products at issue were a material factor that induced Plaintiff and Class Members to purchase the products at issue. Plaintiff and Class Members suffered injury in fact and lost money and/or property as a result of Defendants' conduct as set forth herein.

68.     Plaintiff and the Class are entitled to damages caused by Defendants' breaches of the warranties, including consequential damages and economic damages based upon a return of

Class Members' purchase price, and/or the difference between the price paid for the product as warranted and the actual value of the product as delivered.

69.     As a proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has suffered, and continue to suffer, including financial and other losses.  As a further proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed to her under the contract

70.     Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including monetary damages, mental anguish, embarrassment, humiliation, and other emotional distress and/or related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

**SIXTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**
(Civ. Code)
*(On behalf of Plaintiff and all Class Members against all Defendants)*

71.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72.     As a proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has suffered, and continue to suffer, monetary losses in an amount to be established at trial.  As a further proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed to them under the contract

73.     Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

-14-

*Meron v. AT&T Corporation*
Complaint

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**
(Cal. Civ. Code §§ 1750 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

74.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

75.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act ("CLRA"), Civil Code section 1750, *et seq.*

76.     Plaintiff brings this action on behalf of himself/herself/themselves and on behalf of Class Members, all of whom are similarly situated consumers within the meaning of Civil Code section 1781. The acts and practices described herein were intended to result in the sale of goods, specifically the products identified above, in consumer transactions. Defendants, and each of them, violated, and continue to violate, the CLRA, Civil Code section 1770, subdivisions (a)(9), (a)(7), (a)(16), and (a)(5) by:

      a.     Representing to consumers purchasing the Products at issue that they could receive a refund if the mobile device were sent by mail;

      b.     Making representations in their advertising for the Products at issue that are false;

      c.     Plaintiff and the Class Members have suffered harm as a result of these violations;

      d.     Plaintiff has suffered as a result of Defendants' unlawful conduct because he purchased the Products at issue believing, based on Defendants' representations, that the products at issue had certain characteristics that made them returnable for a refund, when in fact the products at issue could not be returned for a refund.

      e.     These misrepresentations also resulted in higher purchase prices for the Products at issue.

      f.     Defendants' misrepresentations and omissions described in the preceding paragraphs were intentional, or alternatively, made without the use of reasonable procedures adopted to avoid such errors.

-15-

*Meron v. AT&T Corporation*
Complaint

g.    Defendants, directly or indirectly, have engaged in substantially similar conduct with respect to Plaintiff and Class Members.

77.    Unless Defendants are enjoined from engaging in such wrongful actions and conduct in the future, members of the consuming public will be further damaged by Defendants' conduct. Plaintiff and the Class are entitled to equitable relief on behalf of the Class Members in the form of an order, pursuant to Civil Code section 1780, subdivision (a)(2)-(5), prohibiting Defendants from continuing to engage in the above-described violations of the CLRA. Plaintiff and the Class further seek reasonable attorneys' fees under Civil Code section 1780(e). Plaintiff and the Class are entitled to damages caused by Defendants' breaches of the warranties, including consequential damages and economic damages based upon a return of Class Members' purchase price, and/or the difference between the price paid for the product as warranted and the actual value of the product as delivered.

78.    Defendants' misrepresentations and omissions regarding the products at issue were a material factor that induced Plaintiff and Class Members to purchase the products at issue. Plaintiff and Class Members suffered injury in fact and lost money and/or property as a result of Defendants' conduct as set forth herein.

79.    As a proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has suffered, and continue to suffer, including financial and other losses. As a further proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed to her under the contract

80.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action. As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including monetary damages, mental anguish, embarrassment, humiliation, and other emotional distress and/or related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
(15 U.S.C. §§ 2310 *et seq.*)

-16-

*Meron v. AT&T Corporation*
Complaint

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

*(On behalf of Plaintiff and all Class Members against all Defendants)*

81.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

82.     Plaintiff and Class Members bring this claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2310 *et seq.* (the "Act").

83.     The products at issue are consumer products as defined in 15 U.S.C. §§ 2310(1) *et seq.*

84.     Defendants, and each of them, are suppliers and warrantors as defined in 15 U.S.C. § 2310(4),(5). Plaintiff and the Class received written warranties as defined in 15 U.S.C. §2301(6)(A) and/or (B), which Defendants have breached

85.     Plaintiff and the Class are "consumers" as defined in 15 U.S.C. § 2310(3). They are consumers because they bought one or more of the products at issue and, as such, they are entitled under California law to enforce both written and implied warranties.

86.     Pursuant to 15 U.S.C. § 2310(e), Plaintiff and the Class are not required to provide Defendants notice of this class action and an opportunity to cure until the time the Court determines the representative capacity of Plaintiff pursuant to Federal Rule of Civil Procedure 23.

87.     Defendants, and each of them, are liable to Plaintiff and the Class pursuant to 15 U.S.C. § 2310(d)(l) because they breached their written warranties. In connection with the sale of the products at issue, Defendants gave an implied warranty under the Act. As part of that implied warranty, Defendants warranted that the product complied with all applicable federal and state regulations. Defendants breached the implied warranty of merchantability.

88.     Plaintiff and the Class are entitled to damages caused by Defendants' breaches of the warranties, including consequential damages and economic damages based upon a return of Class Members' purchase price, and/or the difference between the price paid for the product as warranted and the actual value of the product as delivered.

89.     As a proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has suffered, and continue to suffer, including financial and other losses. As a further proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed to him under the contract.

90.     Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced,

-17-

LLG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

1    or conspired to commit one or more of the acts alleged in this Cause of Action. As a direct and

2    proximate result of Defendants' conduct, Plaintiff sustained damages, including monetary

3    damages, mental anguish, embarrassment, humiliation, and other emotional distress and/or related

4    expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is

5    entitled to attorneys' fees, costs, and injunctive relief.

6    

**NINTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

9      91.   Plaintiff incorporates in this cause of action each and every allegation of the

preceding paragraphs, with the same force and effect as though fully set forth herein.

  92.   Plaintiff brings this cause of action individually and on behalf of all others

similarly situated.

  93.   Defendants' violations of California law, including Defendants' violations of the

Laws and Regulations as alleged herein including, *inter alia*, Defendants misrepresentations

regarding processing mobile devices returned by mail and the processing of refunds as a result.

Defendants' policies and practices constitute an unfair business practice in violation of California

Business & Professions Code Section 17200 *et seq* because they were done repeatedly, over a

significant period of time, and in a systematic manner to the detriment of Plaintiff and Class

Members.

  94.   In addition, Plaintiff brings this cause of action seeking equitable and statutory

relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the

amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices

described herein.

  95.   Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or

fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-

17208. Specifically, Defendants conducted business activities while failing to comply with the

legal mandates cited herein.

-18-

*Meron v. AT&T Corporation*
Complaint

LG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

1    96.    As a result of Defendants' unfair business practices, Defendants have reaped unfair

2  benefits at Plaintiff's and Class Members' expense.

3    97.    Defendants have clearly established a policy of accepting a certain amount of

4  collateral damage as incidental to its business operations, rather than accepting the alternative

5  costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its

6  responsible competitors and as set forth in legislation and the judicial record. Defendants' policy

7  is confirmed by Plaintiff's and Class Members' damages as herein alleged.

8    98.    Defendants' unfair business practices entitle Plaintiff and Class Members to seek

9  preliminary and permanent injunctive relief and other restitutionary relief, including but not

10  limited to orders that Defendants account for and restore unlawfully withheld compensation to

11  the Plaintiff and Class Members and discontinue certain unlawful policies, procedures, and

12  practices. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and costs.

13

14                                   **JURY DEMAND**

15        Plaintiff hereby demands a jury trial on all issues and causes of action.

16

17                                  **PRAYER FOR RELIEF**

18        Wherefore, Plaintiff prays for the following forms of relief, individually and on behalf of

19  all others similarly situated:

20    1.    Certification of this action as a class action on behalf of the classes defined herein;

21    2.    Designation of Plaintiff as representative of the classes and his counsel as counsel

22  for the classes;

23    3.    For compensatory damages;

24    4.    Compensation for all hours worked but not paid;

25    5.    For general damages in amounts according to proof and in no event in an amount

26  less than the jurisdictional limit of this court;

27    6.    For special damages according to proof;

28    7.    For punitive damages where allowed by law;

-19-

Meron v. AT&T Corporation
Complaint

8. For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

9. For penalties pursuant to any and all provisions referenced herein which provide for penalties as a result of the conduct alleged herein;

10. For costs of suit incurred herein and attorneys' fees pursuant to, *inter alia*, statutes contained in the Code of Civil Procedure;

11. For injunctive relief;

12. For pre-judgment and post-judgment interest as provided by law; and

13. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 29, 2016        **ILG Legal Office**

_____
Stephen Noel Ilg
Attorneys for Plaintiffs

ILG Legal Office
555 California Street, Suite 4925
San Francisco, CA 94104
(415) 580-2574

CASE NUMBER: CGC-16-552308 SIMON MERON VS. AT&T CORPORATION, A NEW YORK CO

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **NOV-02-2016**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br>Stephen Ilg, 275599<br>ILG Legal Office<br>1245 S. Winchester Blvd.<br>San Jose, CA 95128<br>TELEPHONE NO.: 510-520-6365<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>**ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/06/2016**<br>**Clerk of the Court**<br>BY: YOLANDA TABO-RAMI<br>**Deputy Clerk** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, San Francisco County<br>400 McAllister Street, Civil<br>San Francisco, CA 94102-0000 | |
| PLAINTIFF/PETITIONER: Simon Meron<br><br>DEFENDANT/RESPONDENT: AT&T Corporation | CASE NUMBER:<br>CGC-16-552308 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Meron vs. AT&T |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Complaint, Civil Case Cover Sheet, Summons, Notice to Plaintiff, ADR Information Package

BY FAX

3. a. Party served:  AT&T Corporation, a New York corporation

   b. Person Served:  Valerie Villegas - CT Corporation System - Person Authorized to Accept Service of Process
4. Address where the party was served:  818 West Seventh Street, 930

   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 06/01/2016          (2) at   (time): 2:45PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:


AT&T Corporation, a New York corporation
under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:      Jimmy Lizama
   b. Address:   One Legal - 194-Marin
                 504 Redwood Blvd #223
                 Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 37.95
   e I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  06/02/2016

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1. 2007]   **PROOF OF SERVICE OF SUMMONS**   Code of Civil Procedure, § 417.10

OL# 10330787